### JEFF VANN v. THE STATE.

#### No. 3348.   Decided February 14, 1906.

**Manslaughter—Bill of Exceptions—Ordinance.**

Upon an appeal for a conviction of manslaughter where the bill of exceptions did not set out the ordinance, to the introduction of which objection was made during the trial because of its unconstitutionality, the same can not be considered, and the explanation of the court does not cure the defect in the bill.

Appeal from the District Court of Tarrant. Tried below before Hon. Irvy Dunklin.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

The facts of this case will be found in the opinion of the court on former appeal, 45 Texas Crim. Rep., 434.

*McLean & Scott,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment fixed at confinement in the penitentiary for a term of four years. This is the second appeal. Vann v. State, 45 Texas Crim. Rep., 434; 8 Texas Ct. Rep., 949.

Bill of exceptions number 4 is as follows: "The State of Texas introduced in evidence hack ordinance No. 786 of the city of Fort Worth, Texas, to the introduction of which the defendant objected, because said hack ordinance had in cause No. 2136, of the Court of Criminal Appeals of the State of Texas been declared and held unconstitutional by said court for more than one year prior to the time of the killing alleged in the indictment, which said opinion was rendered, delivered and made final in April, 1901, and because said ordinance was

unconstitutional, discriminating, ineffective and inoperative at the time of the alleged killing; that said ordinance which was introduced in evidence had been declared and held unconstitutional for more than a year prior to the killing and was at the time of the killing ineffective and void, and that the same had long since been repealed and was not at the time of the killing an ordinance of the city of Fort Worth, Texas. To the introduction of this ordinance, the defendant objected, and the court having overruled the objection, defendant then and there excepted and now tenders this his bill of exceptions number 4, and asks that it be approved, filed and made a part of this record. Approved with the following explanation: Upon argument of motion for new trial it developed that the evidence introduced had been superseded by another ordinance of like character, passed later, and which was introduced upon the former trial of this case. The county attorney and the court both supposed at the time of the introduction of this ordinance on this trial, that it was the new ordinance instead of the old one which was offered, and had the objection been more specific as to this it would have been sustained as a matter of course. The finding of the jury being contrary to every phase of self-defense was necessarily a verdict of unlawful homicide, and the homicide being found unlawful could not have been a lower grade than manslaughter. For this reason the trial court on hearing motion for new trial considered the error, if any, in admitting the ordinance above referred to, harmless." This bill of exceptions is totally defective, in that it does not give the ordinance appellant insists the court erroneously admitted in evidence. The objections urged as above stated by appellant are not certified by the judge to be facts, but are merely the objections of appellant. Where appellant objects to the introduction of testimony he must embody the objectionable testimony in his bill. This was not done. The explanation of the court does not cure the defect in the bill. In the argument of appellant's counsel before the court, the above bill was the only question discussed for reversal. However, we have reviewed all of appellant's exceptions, and find no reversible error in the record. The charge of the court is correct when taken as a whole. The verdict of the jury is amply supported by the evidence. No reversible error appearing, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]